FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 09 2016

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BOARD OF TRUSTEES OF THE                    PLAINTIFF
UNIVERSITY OF ARKANSAS

V.                  NO.: 4:16-cv-823-BSM

B & J's, INC.;                              This case assigned to District Judge Miller
LOCO ROPES, LLC; and                        and to Magistrate Judge Harris
LOCO ROPES@ OZARK FOLK CENTER
STATE PARK, LLC                             DEFENDANTS

## COMPLAINT

For its Complaint, the Board of Trustees of the University of Arkansas ("the Board" or "Plaintiff"), by and through its undersigned attorneys, pleads and alleges as follows:

### INTRODUCTION

1. This is an action in law and equity for trademark infringement, trademark dilution, and unfair competition under the Lanham Act, 15 U.S.C. § 1051 et seq., and for violation of the Arkansas Anti-Dilution Statute, Arkansas Code § 4-71-213, and for trademark infringement, unfair competition, and contributory infringement at common law.

### PARTIES

2. The Board is a public institution of higher education and an instrumentality of the State of Arkansas, having its principal offices located at 2404 North University Avenue, Little Rock, Arkansas 72207. The Board maintains campuses throughout the State of Arkansas, including Fayetteville, Arkansas.

1

3. Upon information and belief, Defendant B & J's, Inc. ("B & J's") is an Arkansas corporation having an address at 1586 Lee Street, Batesville, Arkansas 72501-7759.

4. Upon information and belief, Defendant Loco Ropes, LLC ("Loco Ropes") is an Arkansas limited liability company having an address at 1586 Lee Street, Batesville, Arkansas 72501-7759 and is the managing member of Loco Ropes @ Ozark Folk Center State Park, LLC.

5. Upon information and belief, Defendant Loco Ropes @ Ozark Folk Center State Park, LLC (LR@OFCSP) is an Arkansas limited liability company having an address at 1586 Lee Street, Batesville, Arkansas 72501-7759 and is the operator of a zipline and "treetop adventure" course in Mountain View, Arkansas.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121. The Court has supplemental jurisdiction over the state law and common law claims under 28 U.S.C. § 1367(a).

7. This Court has personal jurisdiction over the Defendants pursuant to Arkansas Code § 16-4-101, by virtue of the fact that, upon information and belief, the Defendants: (1) regularly solicit and do business in this state; and (2) have committed a tortious act within the state by committing acts of infringement and unfair competition in this state.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO THE COUNTS

9. The Board is charged by the Constitution and laws of the State of Arkansas with the management and control of the University of Arkansas ("University"), a public, multi-campus university in the State of Arkansas. One of its largest campuses is the University of Arkansas, Fayetteville (also referred to herein as "the University" for purposes of this action).

The Board holds legal right, title and interest in and to the trademarks and service marks of the University.

10. The University adopted and has used continuously the mark "WOOO PIG SOOIE" since at least as early as 1929 and has been using the mark in interstate commerce since at least as early as 1929. The University uses the mark, *inter alia*, to promote and advertise the athletic events in which the University's teams participate. The mark is now United States Trademark Registration No. 4,459,297, issued on December 31, 2013.

11. The University's athletic teams, called RAZORBACKS and ARKANSAS RAZORBACKS, have competed in athletic events throughout the United States. "Calling the HOGS" has become a favorite pastime of attendees at such events. "WOOO PIG SOOIE" is the dominant component of "Calling the HOGS." Nationwide television broadcasts of the events have been shown in states where the teams have not appeared or directly competed. The complete Hog Call, consisting of the words "Woooooooo. Pig. Sooie! Woooooooo. Pig. Sooie! Woooooooo. Pig. Sooie! Razorbacks!", is now United States Trademark Registration No. 4,558,864, issued on July 1, 2014 as a sound mark ("The Hog Call").

12. Through the University's licensing program, companies have been authorized by the University to sell products which display "SOOIE" as the dominant component of the trademark. An example is "SOOIE Arkansas Razorbacks" and design ("Common Law Mark"). Under the licensing arrangement with its licensees, such use and sales inure to the benefit of the University and the University becomes the owner of the trademark. Attachment I shows an example of such licensed use and is incorporated herein by reference.

13. Through the University's licensing program, companies have been authorized by the University to sell products which display "SOOIEEET" or "SOOIEET" as the dominant

3

component of the trademark ("Second Common Law Marks"). Under the licensing arrangement with its licensees, such use and sales inure to the benefit of the University and the University becomes the owner of the trademark. Attachment II shows an example of such licensed use and is incorporated herein by reference.

14. "WOOO PIG SOOIE," The Hog Call, the Common Law Mark, and the Second Common Law Marks are collectively referred to as the "SOOIE Marks."

15. The University has used and continues to use the SOOIE Marks in connection with athletic events and numerous goods, particularly clothing. Through the University's trademark licensing program, such goods have been expanded to include many different items of clothing.

16. The University's SOOIE Marks are symbolic of the extensive and valuable good will and customer recognition built up through substantial amounts of effort and advertising and promotional expenditures. By virtue of these efforts and expenditures and the excellence of its products and services, "WOOO PIG SOOIE" and The Hog Call have become very strong and famous.

17. The Board initiates this action to enjoin infringement of the University's valuable trademarks and service marks as well as unfair competition, dilution, and contributory infringement of these marks. On May 17, 2012, B & J's filed an application in the United States Patent and Trademark Office (USPTO) to register the mark SOOIE-T as shown in Application serial No. 85618816 for "Apparel for dancers, namely, tee shirts, sweatshirts, pants, leggings, shorts and jackets; Aprons; Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms; Bathing suits; Belts; Boxer briefs; Caps; Children's and infant's apparel, namely, jumpers, overall sleepwear, pajamas, rompers and one-piece garments; Earbands; Gift

packages sold as a unit consisting primarily of a sweatshirt and also including a photo frame, a coffee mug, and a tote bag; Gloves; Gloves for apparel; Hats; Headbands; Jackets; Pants; Scarves; Shirts; Shoes; Shorts; Socks; suspenders; Sweaters; Sweatshirts; Tee shirts; Ties; Tops; Underwear; Wristbands" in International 25 on an intent to use basis under Lanham Act Sect6ion 1(b) ("Application").

    18. The Application was published for opposition purposes on October 16, 2012. The University initiated a proceeding in the USPTO Trademark Trial and Appeal Board (TTAB) on February 13, 2013 ("Opposition"), seeking to oppose the Application on the grounds that B & J's SOOIE-T mark is likely to cause confusion with the University's SOOIE Marks in violation of Section 2(d) of the Lanham Act as well as the grounds of dilution and false suggestion of a connection with the University. During B & J's testimony period in the Opposition, which period ended on October 28, 2016, the University became more fully aware of the actions of Defendants Loco Ropes and LR@OFCSP in using the SOOIE-T mark on products, particularly on aprons, postcards, and bumper stickers which are sold by LR@OFCSP in connection with its zipline and "treetop adventure" course in Mountain View, Arkansas. The testimony of B & J's witness Judith Cox raises questions regarding the ownership of the SOOIE-T mark. Ms. Cox, who is a principal in B & J's, Loco Ropes, and LR@OFCSP, has testified that B & J's owns the SOOIE-T mark but that Loco Ropes "has exclusive use of the mark." When questioned in cross examination as to why Loco Ropes was not the applicant in seeking federal registration of SOOIE-T, she responded "I don't know." Also, her testimony and the testimonies of other B & J's witnesses revealed that LR@OFCSP sells products that display the mark and offers services in connection with the mark. Such evidence provides the basis upon which to pursue this action against B & J's, Loco Ropes, and LR@OFCSP.

19. Defendants' use of the SOOIE Marks is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that that Defendants or their products or services are authorized by the University or are endorsed by the University or are sponsored by the University or are connected in some way with the University.

20. Upon information and belief, Defendants' use of the SOOIE Marks was deliberate and intentional and designed to create confusion and mistake and to deceive persons into the erroneous belief that Defendants or their services or products are authorized by the University or are endorsed by the University or are sponsored by the University or are connected in some way with the University.

21. Defendants' use of the SOOIE Marks constitutes false descriptions and representations to the effect that Defendants or their services or products are authorized by the University or are endorsed by the University or are sponsored by the University or are connected in some way with the University.

22. The University is or is likely to be damaged by Defendants' use of said false descriptions and representations in that purchasers are likely to buy Defendants' services and products in the mistaken belief that Defendants or their services or products are authorized by the University or are endorsed by the University or are sponsored by the University or are connected in some way with the University.

23. Defendants' use of the SOOIE Marks has caused and will cause dilution of the distinctive quality of the University's famous WOOO PIG SOOIE and The Hog Call.

24. Upon information and belief, Defendants' use of the SOOIE Marks was deliberate and intentional and designed to dilute the distinctive quality of the University's famous WOOO PIG SOOIE and The Hog Call.

25. Defendants' use of the SOOIE Marks is without the University's license, authorization or permission.

26. The acts and conduct of Defendants complained of herein have damaged the University and, unless restrained, will impair the value of the SOOIE Marks and the goodwill represented thereby. The Board has no adequate remedy at law and would be irreparably harmed without injunctive relief.

### FIRST CLAIM FOR RELIEF
### Infringement of Federally Registered Trademarks
### (15 U.S.C. § 1114(1)(a))

27. Plaintiff repeats and realleges each and every allegation of Paragraphs 1 through 26 as though fully set forth herein.

28. This claim is for the infringement of trademarks registered in the USPTO, pursuant to Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)(a), as amended.

29. The Board owns the exclusive rights to the SOOIE Marks.

30. Notwithstanding the Board's well known and prior common law and statutory rights in the SOOIE Marks, Defendants have, with actual and constructive notice of the Board's federal registration rights, and long after the Board established its rights in the SOOIE Marks, adopted and used the SOOIE Marks in an effort to sell and market its services and products..

31. Defendants have used the SOOIE Marks without authorization from the University. Defendants' use of the SOOIE Marks in Arkansas, and interstate commerce, has caused and will cause the likelihood of confusion, deception and mistake, in that the buying public will conclude that Defendants or their services or products are authorized, sponsored, approved or associated with the University.

32. Upon information and belief, by such wrongful acts, Defendants has and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to the Board and to the goodwill associated with its SOOIE Marks.

33. The Board has no adequate remedy at law and would be irreparably harmed without injunctive relief.

**SECOND CLAIM FOR RELIEF**
<u>**Unfair Competition**</u>
<u>**(15 U.S.C. § 1125(a))**</u>

34. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 33 as though fully set forth herein.

35. This claim is for unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. As a direct result of the University's longstanding use, sales, advertising and marketing, the SOOIE Marks have acquired a secondary and distinctive meaning among the public who have come to identify the SOOIE Marks with the University and its products and services.

37. Defendants has used the SOOIE Marks in an effort to delude and confuse the public into believing that the services or products offered by Defendants were approved by, or had been authorized and/or sponsored by or were connected with the University.

38. The use of the SOOIE Marks in conjunction with Defendants' products and services has diluted and will continue to further dilute the good will and reputation of the University.

39. Defendants, by using the SOOIE Marks in connection with the promotion of its services, are misrepresenting and will continue to misrepresent and falsely describe to the

general public the origin and sponsorship of its services. Defendants have used the SOOIE Marks in interstate commerce willfully, with full knowledge of the falsity of the description and representation, in an effort to mislead the purchasing public into believing that Defendants' services are authorized, emanate from or are somehow connected to the University.

40. These acts constitute a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. Defendants have obtained gains, profits and advantages as a result of its unlawful acts.

### THIRD CLAIM FOR RELIEF
### Trademark Dilution
### (15 U.S.C. § 1125(c))

42. Plaintiff repeats and realleges paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43. This claim is for dilution of trademarks pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

44. The Board's WOOO PIG SOOIE and The Hog Call within the SOOIE Marks are distinctive and famous within the meaning of 15 U.S.C. § 1125(c)(1), and were distinctive and famous prior to the date of Defendants' adoption and use of "SOOIE-T."

45. Defendants' conduct, as described above, is diluting the distinctive quality of the famous marks within the SOOIE Marks, thereby lessening and impairing the capacity to identify and distinguish products marketed and sold by the University's licensees under the SOOIE Marks.

46. To the extent that Defendants' products and services sold through the use of the SOOIE Marks are viewed as being less than satisfactory to consumers, the University's business

reputation and goodwill and the reputation and goodwill of the University's famous marks within the SOOIE Marks are being and will be tarnished and injured.

47. Defendants acts described above have caused injury to and have damaged the University's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby the Board has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### Trademark Dilution
### Ark. Code Ann. § 4-71-213

48. Plaintiff repeats and realleges paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49. This claim is for trademark dilution pursuant to Ark. Code § 4-71-213, as amended.

50. The SOOIE Marks are distinctive within the meaning of Ark. Code Ann. § 4-71-213.

51. Defendants' conduct, as described above, creates a likelihood of dilution of the distinctive quality of the SOOIE Marks in violation of Ark. Code Ann. § 4-71-213.

52. Defendants' acts described above have caused injury and damages to the Board, and have caused irreparable injury to the University's goodwill and reputation, and unless enjoined, will cause further irreparable injury, whereby the Board has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
### Common Law Trademark Infringement and Unfair Competition

53. Plaintiff repeats and realleges paragraphs 1 through 52 of the Complaint as if fully set forth herein.

54. This claim is for trademark infringement and unfair competition in violation of the common law of the State of Arkansas.

55. Defendants' use of the SOOIE Marks, as described above, constitutes common law trademark infringement, passing off and unfair competition in violation of common law.

56. On information and belief, Defendants' acts of common law trademark infringement, passing off and unfair competition have been done willfully and deliberately and Defendants have profited and been unjustly enriched by advertising sales that Defendants would not otherwise have made but for their unlawful conduct.

57. Defendants' acts described above have caused injury and damages to the Board, and have caused irreparable injury to the University's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby the Board has no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF
### Contributory Trademark Infringement

58. Plaintiff repeats and realleges paragraphs 1 through 57 of the Complaint as if fully set forth herein.

59. This claim is for contributory trademark infringement in violation of the common law of the State of Arkansas.

60. Defendants' use of the SOOIE Marks, as described above, constitutes common law contributory trademark infringement in violation of common law.

61. On information and belief, B & J's act of common law contributory trademark infringement by allegedly licensing the SOOIE Marks to Loco Ropes has been done willfully and deliberately and Defendant has profited and been unjustly enriched by sales that Defendant LR@OFCSP would not otherwise have made but for its unlawful conduct.

11

62. B & J's acts described above have caused injury and damages to the Board, and have caused irreparable injury to the University's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby the Board has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, with respect to all claims, the Board prays:

63. That Defendants, its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, be enjoined and restrained, preliminarily and permanently, from using on or in connection with the manufacturing, advertising, offering for sale, sale and distribution of any product or service, any of the SOOIE Marks, or any other mark, name or design which, either alone or in combination, is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that Defendants or its services or the services of third parties allegedly licensed by Defendants are authorized by the University or are endorsed by the University or are sponsored by the University or are connected in some way with the University.

64. That Defendants, its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, be enjoined and restrained, preliminarily and permanently, from using any false designation of origin or false description or false representation, and from engaging in any act or series of acts which, either alone or in combination, constitutes deceptive or unfair methods of competition by Defendants with the University, and from otherwise interfering with or injuring the University's business reputation or diluting the distinctive quality of the SOOIE Marks or the goodwill associated therewith.

65. That Defendants, its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them be required to supply the Board with

complete records, including electronic records, concerning any and all transactions relating to the manufacture, distribution, sale or receipt of any products, drawings, advertisements, pamphlets, brochures, catalogs, labels, signs, prints, packages, wrappers, receptacles and name plates bearing marks or characters that infringe the SOOIE Marks.

66. That Defendants be required to file with this Court and serve upon the Board's counsel within twenty (20) days after service of this Court's injunction issued in this action a written report signed by Defendants under oath setting forth in detail the manner in which Defendants complied with such an injunction.

67. That the Board be awarded Defendants' profits and that the Board be awarded damages caused by Defendants' acts of infringement, dilution, unfair competition and contributory infringement complained of herein.

68. That the Board be awarded three times the amount of damages caused by Defendants' willful acts of infringement, dilution, unfair competition, and contributory infringement complained of herein.

69. That the Board be awarded punitive damages arising out of the willful nature of Defendants' activities.

70. That the Board be awarded its costs and disbursements of this civil action, including reasonable attorneys' fees.

71. That the Board be awarded such other and further relief as the Court deems just and equitable.

Dated: November 8, 2016

RESPECTFULLY SUBMITTED,

BOARD OF TRUSTEES OF THE UNIVERSITY OF ARKANSAS

BY: *[signature]*
MATTHEW MCCOY
Arkansas Bar No. 2001165
University of Arkansas
421 Administration Building
Fayetteville, AR 72701
Phone: 479-575-5401
Fax: 479-575-5046
Email: mbmccoy@uark.edu

and

HAROLD J. EVANS
Arkansas Bar No. 78124
Associate Vice President Legal and Research
University of Arkansas System
2404 North University Avenue
Little Rock, Arkansas 72207
Phone: 501-686-2513
Fax: 501-686-2517
hevans@uasys.edu

# ATTACHMENT I



# ATTACHMENT II

# Arkansas Razorbacks Cardinal 2011 Sugar Bowl Sooieeet Hoodie Sweatshirt



close window

© 2008 Razorback District. All rights reserved. No portion of this site may be reproduced, duplicated, or modified without the expressed written permission of Razorback District.